IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT W. BONER, III,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**HEALTH CARE UNIT**<br>**ADMINISTRATOR,**<br>**WEXFORD HEALTH SOURCES, INC.,**<br>and<br>**HCUA PORTWOOD,**<br><br>   **Defendants.** | Case No. 24-cv-00427-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Robert Boner, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He seeks injunctive relief. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT[1]

Plaintiff states that he has a lump in his left lower abdomen and suffers from several days of constipation followed by passing watery stool. (Doc. 1, p. 7). In October 2023, while at Joliet

---

[1] Because it appears that Plaintiff is relying on statements made in the Complaint and attached exhibits in asserting his claims, the Court is construing the allegations in all of these pleadings together. *See Otis v. Demarass,* 886 F.3d 639, 644 (7th Cir. 2018).

Treatment Center, Dr. Helmsley ordered that Plaintiff have a CAT scan. Plaintiff was also prescribed stool softeners, a laxative, and milk of magnesia. (*Id.* at p. 6). Before receiving any kind of diagnostic testing, Plaintiff was transferred to Centralia Correctional Center in December 2023. (*Id.* at p. 9). Plaintiff asserts that he should not have been transferred since he had a pending order for diagnostics. Plaintiff was seen by a nurse on February 13, 2024, who told him that his medical records wrongly state that a CAT scan was ordered and completed. (*Id.*). Since his transfer, a physician has not conducted an exam, ordered further diagnostics, or honored the CAT scan ordered by Dr. Helmsley. (*Id.* at p. 10). He has informed the health care unit numerous times about his medical problems and continues to be treated with over-the-counter medication. (*Id.* at p. 6, 10). Plaintiff states he is experiencing nausea from constipation, sleeplessness, and constant stabs of pain. (*Id.* at p. 9, 10).

## DISCUSSION

Based on the allegations and Plaintiff's description of his claims, the Court delineates the following count:

> **Count 1:** Eighth Amendment claim against Defendants for failing to provide Plaintiff adequate medical care.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

Plaintiff is pursuing his constitutional claims pursuant to Section 1983, which allows suits for damages against state actors in their individual capacities. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).

In order to successfully plead an Eighth Amendment claim for deliberate indifference to a serious medical need, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). "[N]egligence, or even gross negligence does not equate to deliberate indifference" and does not state a claim for a violation of the Eighth Amendment. *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021). Furthermore, the alleged mishandling of a grievance by an official who did not otherwise participate in the underlying conduct does not state a claim. *Owens v. Hinsley,* 635 F. 3d 950, 953 (7th Cir. 2011).

Here, Plaintiff has failed to state a claim for deliberate indifference against the named Defendants. First, to state a cognizable deliberate indifference claim against Wexford Health Sources, Inc. ("Wexford"), the plaintiff must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Wexford. Other than stating that he wrote a letter about his poor health care to the Chief Executive Officer at Wexford and including the letter with his Complaint, Plaintiff does not describe what policy, custom, or practice gave rise to the constitutional deprivations. In fact, there are no allegations against Wexford in the statement of claim, and Wexford cannot be held liable under Section 1983 solely based on the misconduct of its employees under the theory of *respondeat superior*. Count 1 is dismissed as to Wexford.

Count 1 is also dismissed as to the Health Care Unit Administrator at Centralia Correctional

Center. Plaintiff states that because this individual is the administrator, she has been notified of his current emergent medical issues. (Doc. 1, p. 1). He also asserts the administrator is taking over thirty days to respond to grievances. (*Id.* at p. 5). These allegations are simply not sufficient for the Court to reasonably infer that the Health Care Unit Administrator at Centralia Correctional Center has knowledge that Plaintiff is at risk of harm and is disregarding that risk or was otherwise involved in the alleged constitutional deprivation. It appears that Plaintiff is attempting to hold this defendant liable based on her supervisory position, and as mentioned above, there is no *respondeat superior* (*i.e.,* supervisory liability) under Section 1983.

Finally, Count 1 cannot proceed against Defendant Portwood, the health care unit administrator at Joliet Treatment Center. Plaintiff does not assert any allegations against this individual in the Complaint, and merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Because Plaintiff has failed to state a claim for relief against any of the named defendants, the Complaint will be dismissed without prejudice. Plaintiff will be allowed to replead his claims in an amended complaint. In the amended complaint Plaintiff must describe how each defendant violated his rights. He should explain what each defendant, named in the case caption, did or failed to do, keeping in mind that in Section 1983 actions there is no supervisory liability.

### PRELIMINARY INJUNCTION

Within the Complaint, Plaintiff seeks immediate injunctive relief. (Doc. 1, p. 13). To the extent Plaintiff is asking for a temporary restraining order or a preliminary injunction, the request is **DENIED**. First, Plaintiff has not filed a separate motion requesting a temporary restraining order or a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Second, the Court has found that the Complaint, as currently drafted, fails to state a claim, which makes it impossible for Plaintiff to prove that he is likely to succeed on the merits, a requirement that must

be shown prior to the Court issuing a temporary restraining order or a preliminary injunction.

## MOTION FOR SERVICE OF PROCESS

The Court recognizes that because Plaintiff is incarcerated, he may have difficulty effectuating service within the 90 day time limit imposed by Federal Rule of Civil Procedure 4(m). Therefore, the Motion for Service of Process at Government Expense (Doc. 4) is **GRANTED**. If Plaintiff files an amended complaint in accordance with the instructions set forth in this Order and successfully pleads a claim against a defendant, then the Court will conduct service on his behalf.

## DISPOSITION

For the reasons set forth above, the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **March 20, 2024.** Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state a claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 24-cv-00427-SPM). To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any

previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   February 21, 2024**

*s/Stephen p. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**