IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANTON SILLAS,<br><br>    Plaintiff,<br><br>v.<br><br>DR. MYERS, DR. DAVID, JOHN BARWICK, R. HARP, LESLIE KLUGE, TAMMY STEVENS, KELLY RISON, JANE DOE 1, JANE DOE 2, WEXFORD HEALTH SOURCES, INC., and ILLINOIS DEPARTMENT OF CORRECTIONS,<br><br>    Defendants. | Case No. 24-cv-00284-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on the request for a preliminary injunction included in the Complaint. (Doc. 1, p. 15, 17). For the following reasons, the request is **DENIED.**

In the Complaint, Plaintiff states that he injured his knee in March 2023. He alleges that he received constitutionally inadequate medical care following the injury. Specifically, the scheduling of his surgery was delayed, and he was not provided proper physical therapy following his surgery. He states that he is now in pain because his knee is stiff and does not bend properly. He believes he risks permanent disability without outside treatment. Plaintiff requests a preliminary injunction ordering Defendants to immediately arrange for him to have proper physical therapy for his knee injury or order evaluation by a specialist. (Doc. 1, p. 17). He also asks the Court to order Defendants to deliver medical care necessary to treat his injury and properly manage his pain. (*Id.* at p. 15).

"A preliminary injunction is an extraordinary remedy intended to preserve the status quo

until the merits of a case may be resolved." *Ind. Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001). In order to obtain preliminary injunctive relief, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007).

Plaintiff has not shown that he is entitled to the "extraordinary equitably remedy" of injunctive relief. Notably, he has not demonstrated how he is at risk of irreparable harm or how the injunction would preserve the status quo until the Court can rule on the merits of the case. Plaintiff's allegations focus on his past care, and his resulting discomfort. He does not describe the current medical care he is receiving, other than to state he was not and is not being given proper physical therapy. *See Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991) ("When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers."); *Walker v. Wexford Health Sources, Inc.,* 940 F. 3d 954, 965 (7 Cir. 2019) (inmates are "not entitled to demand specific care"). Plaintiff provides only speculation that he will suffer permanent damage to his knee if he is not prescribed physical therapy or seen by an outside physician. Accordingly, Plaintiff has not demonstrated he will likely suffer irreparable harm without interference by the Court.

Furthermore, Plaintiff has not filed a separate motion for his preliminary injunction pursuant to Federal Rules of Civil Procedure 7 and 65. For these reasons, the request for a preliminary injunction is denied.

**IT IS SO ORDERED.**

**DATED: February 21, 2024**

                                                 *s/Stephen P. McGlynn*
                                                 **STEPHEN P. MCGLYNN**
                                                 **United States District Judge**